UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
THE THEODORE KING and GARY LA BARBERA,
Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

Index # CV-05-1424 (JBW)(RML)

                              Plaintiffs,

            -against-

**JUDGMENT AND
PERMANENT INJUNCTION**

MODERN CONTINENTAL CONSTRUCTION CO., INC.,

                              Defendant.
-----------------------------------------------------X

This action having been commenced on March 18, 2005, by the filing of a Complaint,

and a Summons and Complaint having been served on Defendant MODERN CONTINENTAL

CONSTRUCTION CO., INC., by service upon the Secretary of State on March 21, 2005, and

Defendant having failed to appear and answer and Defendant being in default, and Defendant not

being an infant, incompetent or in the military of the United States,

NOW, upon application of Avram H. Schreiber, Esq., attorney for Plaintiffs, it is

ORDERED, ADJUDGED AND DECREED that Plaintiffs THEODORE KING and

GARY LA BARBERA, as Trustees of Local 282 International Brotherhood of Teamsters

Welfare, Pension, Annuity, Job Training and Vacation/Sick Leave Trust Funds, have judgment

against Defendant MODERN CONTINENTAL CONSTRUCTION CO., INC., in the amount of

$5,955.40, plus costs and disbursements in the sum of $325.00, totaling $6,280.40, and that

Plaintiffs have execution therefore, and it is further,

ORDERED, ADJUDGED AND DECREED, that Defendant and its agents, directors,

officers, successors, heirs and assigns, shall not, for so long as they remain obligated to



contribute to the Plaintiff FUNDS, fail, refuse or neglect to submit required contribution reports and payments in accordance with the rules of the Fund, and it is further,

ORDERED, ADJUGDGED AND DECREED, that Defendant's obligation pursuant to this injunction shall remain in force and effect as long as they are signatory to a Collective Bargaining Agreement with Local 282 I.B. of T. and/or are obligated to pay contributions to the Plaintiffs herein pursuant to a Collective Bargaining Agreement, Declaration of Trust or any other obligation to contribute to Plaintiff FUNDS.

Dated: Brooklyn, New York
         , 2005                      SO ORDERED AND ADJUDGED

HON. JACK B. WEINSTEIN - U.S.D.J.

5/9/05

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
THEODORE KING and GARY LA BARBERA,
Trustees of Local 282 International                                    Index # CV-05-1424 (JBW)(RML)
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

                                    Plaintiffs,

                -against-                                                      **CLERK'S CERTIFICATE**

MODERN CONTINENTAL CONSTRUCTION CO., INC.,

                                    Defendant.
-------------------------------------------------------X

        I, Robert C. Heinemann, Clerk of the United States District Court, for the Eastern District

of New York, do hereby certify that the docket entries in the above-entitled action indicate that

the Summons and Complaint, herein were filed on March 18, 2005, and that the Defendant

MODERN CONTINENTAL CONSTRUCTION CO., INC., was served with a copy of the

Summons and Complaint by service upon the Secretary of State on March 21, 2005. I further

certify that the docket entries indicate that Defendant has not filed an answer or otherwise moved

with respect to the Complaint herein; and that the time to answer or move with respect to the

Complaint has expired. The default of the Defendant is hereby noted.


Dated: Brooklyn, New York
            , 2005                              _____.
                                                                    Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
THEODORE KING and GARY LA BARBERA,
Trustees of Local 282 International                    Index # CV-05-1424 (JBW)(RML)
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

                        Plaintiffs,

            -against-                                   **AFFIRMATION IN SUPPORT**
                                                        **OF DEFAULT JUDGMENT**
                                                        **AND PERMANENT INJUNCTION**

MODERN CONTINENTAL CONSTRUCTION CO., INC.,

                        Defendant.
-------------------------------------------------------X

      Avram H. Schreiber, an attorney duly admitted to practice before the United States

District Court, Eastern District of New York, under the penalties of perjury, herein affirms:

      1.      That I represent Plaintiffs in the within action and am fully familiar with the facts

stated herein.

      2.      I make this affirmation for the purpose of the entry of judgment against

Defendant herein.

      3.      This action was commenced on March 18, 2005. The Summons and Complaint

was served on Defendant MODERN CONTINENTAL CONSTRUCTION CO., INC., by service

on the Secretary of State on March 21, 2005. A copy of the Summons, Complaint and Affidavit

of Service is annexed hereto as **Exhibit "A"**.

      4.      Defendant is not incompetent, an infant or in the military.

      5.      Defendant MODERN CONTINENTAL CONSTRUCTION CO., INC. has not

answered or otherwise appeared in the action and therefore is in default.

6.    The complaint contained five causes of action. The first three seek monetary damages in the amount of $5,911.98 for the periods of January 2004 through June 2004 and October 2004.

7.    As to the fourth cause of action, any amounts which may become due and owing may be included as part of this action at the time of trial or judgment. Plaintiffs hereby withdraw this claim without prejudice at this time.

8.    The fifth cause of action seeks a permanent injunction enjoining Defendant from future violations and breaches under the applicable Collective Bargaining Agreement, as such agreement relates to the Plaintiffs herein. Further, the Declaration of Trust and the provisions of ERISA 29 USC 1132 *et seq.* specifically provides for a mandatory injunction in those cases where the employer has failed to produce books and records.

9.    Further, the continued refusal of the Defendant to report and pay the contributions and to allow an audit seriously prevents the Plaintiffs-Trustees from assuring that all fund beneficiaries are receiving proper eligibility and pension credits. Further, the Permanent Injunction requires Defendant to do nothing more that it is obligated to do under the applicable Collective Bargaining Agreement.

10.    Contemplating the serious adverse effect of violation of ERISA 29 USC 1101, *et seq.*, the legislature specifically provided for injunctive relief to prohibit any such violations. See ERISA, 29 USC 1132(a)(3*); Teamsters Local 639-Employer Trust v. Jones & Artis Construction Co.,* 640 F.Supp. 233 (Dist. Ct.D.C. 1986); *Laborers Fringe Benefit Funds-Detroit and Vicinity v. Northwest Concrete and Construction Inc.,* 640 F.2d 1350 (6th Cir. Ct. App. 1981*); Van Drivers Union Local No. 392, et al. v. Neal Moving & Storage,* 551 F.Supp. 429 (Dist. Ct. N.D. Ohio   1982).

11.     By reason of the above, it is respectfully requested that the Judgment and

Permanent Injunction be signed by the Court.

Dated:  New York, New York
           April 12, 2005

Avram H. Schreiber
(AS-2860)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
THEODORE KING and GARY LA BARBERA,
Trustees of Local 282 International                     Index # CV-05-1424 (JBW)(RML)
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

                            Plaintiffs,

        -against-                               **STATEMENT FOR JUDGMENT**

MODERN CONTINENTAL CONSTRUCTION CO., INC.,

                            Defendant.
------------------------------------------------------X


Amount in Original Complaint                    $   5,911.98
Additional Amount pursuant to
        Fourth Cause of Action                  $     -0-
Payment or Credits                              ($    -0-    )

                            Total               $   5,911.98

***
Interest on $2,894.67
        From March 15, 2005
        To April 12, 2005                       $      43.42

                            Subtotal            $ 5,955.40

Costs and Disbursements
        Statutory Fee       $ 20.00
        Process Service     $ 55.00
        Filing Fee          $250.00
                                                $     325.00

                            Grand Total         $  6,280.40

***
Calculated at the rate of 18%
per annum in accordance with
the Declaration of Trust and
29 U.S.C. 1132(g)(2)

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

EASTERN _____ DISTRICT OF _____ NEW YORK

THEODORE KING and GARY LABARBERA,
as Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation/Sick Leave Trust Funds,

**SUMMONS IN A CIVIL CASE**

V.                          Plaintiffs

CASE NUMBER:

MODERN CONTINENTAL CONSTRUCTION CO., INC.

Defendant  **CV  05    1424**

TO: (Name and address of defendant)

Modern Continental Construction Co., Inc.    **WEINSTEIN, J.**
600 Memorial Drive
Cambridge, MA 02139

**LEVY, M.J.**

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Avram H. Schreiber, Esq.
40 Exchange Place, 13th Floor
New York, New York 10005

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

ROBERT C. HEINEMANN                    MAR 18 2005

CLERK                                  DATE

(BY) DEPUTY CLERK

# CV 05 1424

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THEODORE KING and GARY LA BARBERA
Trustees of Local 282 International                          Index #
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,             **WEINSTEIN, J.**

         Plaintiffs,                                   **COMPLAINT**

    -against-
                  **LEVY. M.J.**   **FILED**

MODERN CONTINENTAL CONSTRUCTION CO., INC.
                            IN CLERK'S OFFICE
                      U.S. DISTRICT COURT E.D.N.Y
        Defendant.                 ★ **MAR 1 8 2005** ★
-------------------------------------------------------------X
                          **BROOKLYN OFFICE**

      Plaintiffs, by and through their attorney AVRAM H. SCHREIBER, ESQ., as and for their

Complaint, respectfully allege as follows:

## JURISDICTION

      1. Jurisdiction of this Court is invoked under Section 502 of the Employee Retirement

Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. Section 1132 and 1145, Section

301 of the Labor Management Relations Act of 1947 (29 U.S.C. Section 185) and other

supplemental jurisdiction.

## PARTIES

      2. At all times hereinafter mentioned, the above named FUNDS were and are multi

employer benefit trusts, organized under and operated in accord with ERISA (29 U.S.C. Section

1001, *et. seq.*) and were and are jointly administered by representatives of employers and

employees engaged in interstate commerce.

3. At all times hereinafter mentioned, THEODORE KING and GARY LA BARBERA were and continue to be Trustees of Local 282 Welfare, Pension, Annuity, Job Training and Vacation/Sick Leave Trust Funds.

4. At all times hereinafter mentioned, Plaintiff FUNDS provide fringe benefits to employees performing services within the trade and geographical jurisdiction of Local 282 of the International Brotherhood of Teamsters,

5. At all times hereafter mentioned, Plaintiff FUNDS maintained its principal place of business in the Town of Lake Success, County of Nassau and State of New York.

6. Upon information and belief, at all times hereinafter mentioned, Defendant MODERN CONTINENTAL CONSTRUCTION CO., INC., (hereinafter "CORPORATION") maintains its principal place of business in the county of Middlesex, State of Massachusetts, and which transacted business in the State of New York with respect to the subject matter of this action.

### AS AND FOR A FIRST CLAIM FOR RELIEF

7. Plaintiff FUNDS repeat and reallege each and every allegation of paragraph 1 through 6 of this Complaint, as if more fully set forth at length herein.

8. Upon information and belief CORPORATION, executed certain Collective Bargaining Agreements with UNION wherein, *inter alia,* Defendant CORPORATION became obligated to pay fringe benefit contributions to the Funds, according to rate schedules set forth in the Collective Bargaining Agreements for all work performed by the CORPORATION'S employees within the trade and geographical jurisdiction of UNION.

9. Pursuant to the applicable Collective Bargaining Agreements and Declaration of Trust, as amended, and as a result of work performed by individual employees of CORPORATION, there became due and owing to Plaintiff FUNDS from CORPORATION the

2

sum of $5,911.98, as and for fringe benefit contributions and/or delinquency charges for the periods of January 2004 through June 2004 and October 2004.

10. No part of the above fringe benefit contributions and/or delinquency charges, contractually due Plaintiff FUNDS has been paid by the Defendant, though duly demanded, and Plaintiff FUNDS have been damaged in the sum of $5,911.98, as set forth in the Collective Bargaining Agreement and Declaration of Trust plus interest thereon from March 15, 2005.

## AS AND FOR A SECOND CLAIM FOR RELIEF

11. Plaintiff FUNDS repeat and reallege each and every allegation of paragraphs 1 through 10 of this Complaint, as if more fully set forth at length herein.

12. 29 U.S.C Section 1145 of ERISA requires employers to pay fringe benefit contributions pursuant to a valid Collective Bargaining Agreement.

13. Defendant has failed to pay fringe benefit contributions and/or delinquency charges contractually due Plaintiff FUNDS in the amount of $5,911.98, for the periods of January 2004 through June 2004 and October 2004. Such failure to make payment constitutes a violation of 29 U.S.C. Section 1145.

14. 29 U.S.C. Section 1132 provides that upon a finding of an employer in violation of 29 U.S.C. Section 1145, the Court shall award to Plaintiffs therein the unpaid fringe benefit contributions, plus statutory damages computed at a rate set forth in U.S.C. Section 1132 (g) (2), together with costs and disbursements incurred in the action.

15. Defendant is liable to Plaintiff FUNDS for the amount of $5,911.98, as and for fringe benefit contributions and/or delinquency charges contractually due Plaintiff FUNDS for the periods of January 2004 through June 2004 and October 2004 plus interest thereon from March 15, 2005.

3

## AS AND FOR A THIRD CLAIM FOR RELIEF

16. Plaintiff FUNDS repeat and reallege each and every allegation of paragraphs 1 through 15 of this Complaint, as if more fully set forth at length herein.

17. On or about January 20, 2005 and February 24, 2005 accounts were taken and stated by and between FUNDS and Defendant and upon such statement a balance of $5,911.98, was found to be due from Defendant to Plaintiff FUNDS and Defendant received and accepted said account stated and has ever since retained the same without making objection thereto to any item thereof.

18. No part of the $5,911.98 has been paid, though duly demanded and Defendant is liable to Plaintiff FUNDS for the sum of $5,911.98, plus interest thereon from March 15, 2005.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

19. Plaintiff Funds repeat and reallege each and every allegation of paragraphs 1 through 18 of this Complaint, as if more fully set forth at length herein.

20. Defendant has ignored Plaintiffs' continuing demands for payment of all contributions due and owing.

21. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If Defendant fails to pay the contributions and/or delinquency charges, Plaintiff asks the Court to include as part of this action at the time of trial or judgment, whichever is later any such additional amounts.

22. Defendant's continuing failure to pay contribution and/or delinquency charges owed to the Plaintiffs constitutes a violation of 29 USC §1000, et seq., and the Collective Bargaining Agreement and Declaration of Trust, as amended.

4

## AS AND FOR A FIFTH CLAIM FOR RELIEF

23. Plaintiff FUNDS repeat and reallege each and every allegation of paragraphs 1 through 22 of this Complaint, as if more fully set forth at length herein.

24. The financial integrity of the Plaintiff FUNDS and the allocation of proper eligibility and credits to the members is actuarially determined and are based upon the prompt and accurate contributions from employers.

25. The failure of Defendant to promptly report and pay is and will continue to cause irreparable damage to the Plaintiffs and the beneficiaries of the FUNDS.

26. By reason of the foregoing, Plaintiffs are entitled to a permanent injunction enjoining Defendant from any further or future violations of this or subsequent Collective Bargaining Agreements with Local 282 I.B. of T., as such agreements apply to the obligations of Defendant to Plaintiffs herein.

WHEREFORE, Plaintiff FUNDS demand judgment against Defendant as follows:

a. On the FIRST CLAIM FOR RELIEF, damages in the sum of $5,911.98, as and for fringe benefit contributions and/or delinquency charges due for the periods of January 2004 through June 2004 and October 2004, with interest from March 15, 2005;

b. On the SECOND CLAIM FOR RELIEF, damages in the sum of $5,911.98, as and for fringe benefit contributions and/or delinquency charges due for the periods of January 2004 through June 2004 and October 2004, interest from March 15, 2005 and for statutory damages pursuant to 29 U.S.C Section 1132;

5

c. On the THIRD CLAIM FOR RELIEF, damages in the sum of $5,911.98, as and for an account stated, with interest from March 15, 2005;

d. On the FOURTH CLAIM FOR RELIEF, damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the coarse of the instant action;

e. On the FIFTH CLAIM FOR RELIEF, a permanent injunction enjoining Defendant, its officers, directors, agents, and representatives from violating the terms of this or successive Collective Bargaining Agreements and Declaration of Trust as they relate to the Plaintiffs herein, including but not limited to the reporting and paying of all fringe benefit contributions in a timely fashion and allowing Plaintiffs to audit the books and records of the Defendant;

f. On all causes of action for attorneys fees as allowed by the Collective Bargaining Agreements and Declaration of Trust as amended and by ERISA U.S.C. Section 1132 (g)(2); and

g. Such other relief as to the Court may be deemed just and proper.

Dated: New York, New York
      March 15, 2005

AVRAM H. SCHREIBER, ESQ.
40 Exchange Place, Suite 1300
New York, New York 10005
(212) 425-7670
(AS-2860)

Index No.        Year         RJI No.        Hon.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THEODORE KING and GARY LABARBERA
Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation/Sick Leave Trust Funds,

                        Plaintiffs,

      -against-

MODERN CONTINENTAL CONSTRUCTION CO., INC.

                  Defendant.

## COMPLAINT

### AVRAM H. SCHREIBER

*Attorney for* Plaintiffs

*Office and Post Office Address, Telephone*

40 Exchange Place, Suite 1300
NEW YORK, NY 10005
(212) 425-7670

To                                  Signature (Rule 130-1.1-a)

Attorney(s) for                   Print name beneath

Service of a copy of the within                  is hereby admitted.

Dated,

                              Attorney(s) for

Please take notice

☐ NOTICE OF ENTRY

that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order                   of which the within is a true copy will be presented for
settlement to the HON.                                one of the judges
of the within named court, at
on                      at            M

Dated,

                                Yours, etc.

                       **AVRAM H. SCHREIBER**
                  *Attorney for* Plaintiffs

To

                  *Office and Post Office Address*

Attorney(s) for                  40 Exchange Place, Suite 1300
                          NEW YORK, NY 10005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

THEODORE KING, ET., ANO.    CV 05 1424

Plaintiff,

(JBW)

--- AGAINST ---

MODERN CONTINENTAL CONSTRUCTION CO., INC.

Defendant,

---

STATE OF NEW YORK)
                  )SS.
COUNTY OF ALBANY )

MELISSA ROSS being duly sworn, deposes and says:

That she is over the age of eighteen years and is not a party to this action.

That on the 21st day of March, 2005, she served the Summons and Complaint on MODERN CONTINENTAL CONSTRUCTION CO., INC., a foreign corporation, one of the defendants in this action by personally delivering to and leaving with a person, CAROL VOGT, a white female with brown hair, brown eyes, approximately 48 years of age, 5'0" and 125 lbs. authorized by the Secretary of State to receive such service, at the office of the Department of State in the City of Albany, New York, duplicate copies thereof together with the sum of $40.00 (forty dollars), the statutory fee.

MELISSA ROSS

Sworn before me this
21st day of March, 2005

LAWRENCE A. KIRSCH
      4787475

Notary Public - State of New York.
Residimh in Albany County
Commission Expires May 31, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
THEODORE KING and GARY LA BARBERA,
Trustees of Local 282 International                          Index # CV-05-1424 (JBW)(RML)
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

                            Plaintiffs,

            -against-                                        **REQUEST TO ENTER**
                                                             **DEFAULT**
MODERN CONTINENTAL CONSTRUCTION CO., INC.,

                            Defendant.
--------------------------------------------------------X        **COURTESY COPY**
TO:    ROBERT C. HEINEMANN, CLERK OF THE
       UNITED STATE DISTRICT COURT
       FOR THE EASTERN DISTRICT OF NEW YORK

Please enter the default of Defendant MODERN CONTINENTAL CONSTRUCTION CO.,

INC., pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for failure to plead or

otherwise defend the above-captioned action as fully appears from the Court file herein and from

the attached affirmation of Avram H. Schreiber, Esq.


Dated:  New York, New York
        April 12, 2005
                                            AVRAM H. SCHREIBER, ESQ.
                                            40 Exchange Place, Suite 1300
                                            New York, New York 10005
                                            212-425-7670
                                            (AS-2860)